# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JONATHAN CHARLES BISHOP,**

    **Plaintiff,**

vs.                                         **Case No. 4:19cv32-RH/CAS**

**CORRECTIONAL OFFICER J. LEE,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

On May 31, 2019, an Order was entered granting the pro se Plaintiff leave to proceed with in forma pauperis status. ECF Nos. 12-13. Based on Plaintiff's Trust Fund Account Statement from the Florida Department of Corrections, and pursuant to § 1915(b), Plaintiff was assessed an initial partial filing fee of $4.00 which was required to be paid on or before **July 1, 2019**. ECF No. 13. Plaintiff was advised that failure to submit the assessed filing fee would result in a recommendation to transfer this case. *Id.* As of this date, Plaintiff has not complied and it appears that Plaintiff has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order, and that all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 15, 2019.

 S/   Charles A. Stampelos  
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.