# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JONATHAN CHARLES BISHOP,**

    **Plaintiff,**

**vs.**                                  **Case No. 4:19cv32-RH/CAS**

**CORRECTIONAL OFFICER J. LEE,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff was granted leave to proceed in forma pauperis and assessed an initial partial filing fee of $4.00 which was to be paid by July 1, 2019. ECF No. 13. The Clerk of Court was directed to provide a copy of the Order to the Department of Corrections, but Plaintiff was advised that he "is ultimately responsible for payment of the filing fee, even if the agency . . . lapses in its duty to make payments on Plaintiff's behalf." *Id.* at 3. The Order also explained that a prisoner plaintiff is afforded an opportunity to explain why he is unable to pay that fee. *Id.* To do so, a

plaintiff must submit a current statement which demonstrates how funds have been depleted since issuance of that Order. *Id.* at 4.

In this case, Plaintiff did not pay the fee and this case was dismissed on August 20, 2019. ECF Nos. 14-16. Shortly thereafter, Plaintiff submitted a letter indicating his desire to proceed with this litigation. The case was reopened, judgment vacated, and remanded for further proceedings. ECF No. 18.

Plaintiff was then provided several extensions of time in which to comply with the prior Order concerning payment of the filing fee. ECF Nos. 21, 23, and 25. Additionally, Plaintiff was required to file an amended complaint. ECF Nos. 23, 25.

Plaintiff filed a first amended complaint in mid-November 2019. ECF No. 26. Plaintiff also submitted another in forma pauperis motion, ECF No. 27, which was construed as a request to proceed without payment of the assessed initial partial filing fee. *See* ECF No. 29. Plaintiff's motion was reviewed, and the Order noted that at the time Plaintiff was originally granted in forma pauperis status, Plaintiff had an account balance of $5.31. ECF No. 12 at 4. Plaintiff also appeared to receive funds occasionally from an individual. *Id.* at 3-4. Thus, at the time the fee was assessed on May

31, 2019, Plaintiff had the ability to pay the $4.00 partial fee. Moreover, Plaintiff's last Trust Fund Account Statement, ECF No. 27, revealed that Plaintiff had continued to receive occasional deposits with which he could pay the assessed fee. ECF No. 27 at 4-5 (cited in ECF No. 29). There was no indication that Plaintiff lacked the ability to pay the assessed fee to this Court or make subsequent partial payments.

Accordingly, another Order was entered on December 10, 2019, directing the Clerk of Court to provide another copy of the in forma pauperis Order to the Department of Corrections. ECF No. 29. Plaintiff was granted another extension of time in which to pay the assessed initial partial filing fee of $4.00. *Id.* The Order specifically advised Plaintiff that if he was unable to do so by the deadline provided, "he must request additional time in which to comply or further explain his inability to make that payment." ECF No. 29. Failing to do either, Plaintiff was warned that another recommendation would be made to dismiss this case. *Id.* As of this date, Plaintiff has not complied and it appears he has abandoned this litigation.

That assumption is further highlighted by the fact that Plaintiff was also required to provide the Court with two service copies of his amended

complaint.  ECF No. 28.  Plaintiff's deadline to comply was January 13, 2020, and he was warned again that if he did not comply, a recommendation would be made to dismiss this case.  *Id.* at 2.  No service copies have been received.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff has not complied with two Orders from this Court and he was made fully aware of the consequences, dismissal of this case is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on March 18, 2020.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**